UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTOR MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1174 CDP |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

*Pro se* petitioner Victor Moore is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. Moore pled guilty to one count of forgery, a Class C felony, in Missouri state court. He was sentenced, as a prior and persistent offender, to 15 years of incarceration, to be served concurrently with other sentences.

This matter is now before me on Moore's petition for writ of habeas corpus under 28 U.S.C. § 2254, as well as four motions by Moore. All of Moore's habeas claims arise from his contention that the Missouri courts violated Missouri's law on detainers and did not bring him to trial with the time limits set by state law. None of the grounds for relief raised by Moore are cognizable upon federal habeas

review, so I will deny his petition. I will also deny his remaining motions for the reasons set forth below.[1]

I. **Factual Background**

In March 2008, Moore was on bond and awaiting sentencing in a 10-count forgery case in the Circuit Court of St. Louis County. During that month, Moore visited several banks in the St. Louis area and attempted to cash four counterfeit checks made payable to himself. Three of the checks were written from a Missouri Department of Corrections (MDOC) payroll account. One of the checks had been stolen from an individual and was drawn on her personal account.

On March 22, 2008, Moore attempted to pass one of the fraudulent payroll checks at a bank on New Ballas Road. A bank teller became suspicious and called the police. The police stopped Moore as he was driving away from the bank, and the teller identified him. He was arrested and read his Miranda rights. Moore wrote out a confession in which he described his involvement in a fraudulent check-writing scheme using MDOC's payroll checks. Moore also admitted to using the individual's stolen check. Additionally, thumbprints on two of the payroll checks – required in order to cash them – matched Moore's own thumbprints.

---

[1] The other pending motions are for summary judgment; to compel discovery; for an extension of time to complete discovery and file a traverse; and for oral argument or a hearing.

## II. Procedural Background

Each of Moore's four attempts to pass a fraudulent check became a separate criminal case. On March 23, 2008, Moore was charged by complaint[2] with one count of forgery for the check he attempted to cash on New Ballas Road (Cause No. 08SL-CR01891). He posted bond but failed to appear for later court proceedings. A warrant was issued against him, and he was re-arrested in June 2008. Upon his re-arrest, Moore was sentenced to fifteen years' imprisonment in MDOC for the 10 counts of forgery in the earlier case.

While he was serving that time, St. Louis County Justice Services lodged a detainer against him, based on the March 2008 New Ballas Road forgery. He signed a notice of that detainer on July 16, 2008. On the same date, he applied for public defender services and wrote a letter to the St. Louis County Public Defender's Office, informing the office of his charges. In that letter, Moore wrote, "I've signed my detainer notice on 7-16-08 requesting a 180 day speedy trial." (L.F., p. 77.) According to later testimony by Moore's plea counsel, Moore believed that his acknowledgment of the detainer notice doubled as a request for speedy disposition of the detainer under the Uniform Mandatory Disposition of Detainers Law (UMDDL), Mo. Rev. Stat. § 217.450 *et seq.* According to Moore,

---

[2] The complaint was later replaced by an indictment. (Resp.'s Ex. A, Legal File, pp. 7–8.)

however, he signed a request that same day that complied with the UMDDL, but Missouri state officials did not forward it to the appropriate party.

On January 21, 2009, Moore wrote to the St. Louis County Circuit Court Clerk, inquiring about the detainer request he believed he had filed. Two days later, he signed a UMDDL-compliant request for disposition of detainers form, which was filed with the Circuit Court on February 9, 2009. Pursuant to the UMDDL, the court imposed a speedy trial date of August 8, 2009, 180 days after the date on which Moore's request was filed with the court.

After attempts to negotiate a plea bargain failed, Moore entered a blind guilty plea. On August 7, 2009, he was sentenced as a prior and persistent offender in Missouri state court to 15 years' incarceration, to be served concurrently with three 5-year sentences for the other forged checks he attempted to cash in March 2008, as well as the 15 years he was already serving for the earlier forgery case.

### *Post-Conviction Relief Motion*[3]

On November 9, 2009, Moore filed a *pro se* motion to vacate, set aside or correct his judgment or sentence under Missouri Supreme Court Rule 24.035. Moore was appointed counsel, who amended the motion and requested an

---

[3] Although Moore pled guilty to and was sentenced for four counts of forgery at the same time, his post-conviction motion and this habeas petition relate only to his conviction for the New Ballas Road forgery.

– 4 –

evidentiary hearing. In the amended motion, Moore asserted two grounds for relief: (1) that the plea court had not had jurisdiction to pronounce judgment against him or impose a sentence because he was not brought to trial within 180 days of his July 2008 request for disposition of detainers; and (2) that his plea counsel had been ineffective for waiving Moore's otherwise valid request for disposition of detainers without good cause and without his permission by not investigating whether he had made such a request and by advising him to plead guilty.

Both of Moore's grounds for relief were premised upon the UMDDL. The UMDDL provides that a person confined to the MDOC who has a detainer pending against him may file a written request to dispose of that detainer. Mo. Rev. Stat. § 217.450(1). If that request complies with certain procedural requirements, the untried charges listed in the detainer must be brought to trial within 180 days (or longer for good cause) or the court loses jurisdiction over those charges.[4] *Id.*; *see also State v. Williams*, 120 S.W.3d 294, 299 (Mo. Ct. App. 2003).

After receiving a response to Moore's amended motion and a motion to dismiss from the prosecuting attorney, the motion court granted Moore's request for a hearing. On April 30, 2010, an evidentiary hearing was held, at which both

---

[4] Missouri's UMDDL was amended in 2009 and now provides that state officials' failure to comply with the UMDDL "shall not be the basis for dismissing the indictment, information, or complaint unless the court also finds that the offender has been denied his or her constitutional right to a speedy trial." Mo. Rev. Stat. § 217.450(3).

Moore and his plea counsel testified.[5] Moore testified that on the same date he signed the notice of detainer, July 16, 2008, he made a written request for disposition of detainers. Among other things, the counsel testified that Moore had told her he believed his July 2008 acknowledgement of the pending detainer doubled as a request for speedy disposition of that detainer. She testified that she had explained to him that the acknowledgement was not sufficient to request speedy disposition.

After the hearing, the motion court entered findings of fact and conclusions of law. The court acknowledged that Moore filed a request for disposition of detainers on February 9, 2009, and that request complied with the UMDDL. But the court found that none of the correspondence Moore initiated in July 2008 complied with the UMDDL's requirements for disposition of detainer requests. Therefore, it held, Moore had provided no credible evidence of entering an earlier, procedurally proper request for disposition of detainers.

Ultimately, the motion court concluded that it had entered judgment against Moore, and had sentenced him, within the 180-day period following his only procedurally proper request. As for Moore's ineffective assistance of counsel claim, it held that any investigation by trial counsel or motion to dismiss premised on violation of the UMDDL would have had no reasonable probability of success,

---

[5] Additional testimony from plea counsel was taken on August 5, 2010.

so Moore had not proven prejudice as required by the ineffective-assistance test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).

Moore appealed *pro se* to the Missouri Court of Appeals for the Eastern District, asserting the same two grounds for relief. The court affirmed the motion court in a memorandum opinion. As for his first ground for relief, the court noted that the only evidence of a July 16, 2008 written request for disposition of detainers was Moore's own testimony. Moore had not provided "any credible evidence that he substantially complied with the requirements of the UMDDL," so the motion court had not erred in denying Moore's first ground for relief. (Resp.'s Ex. D, Mem., p. 4.)

In considering his second ground for relief, the appellate court noted that plea counsel had testified about her discussion with Moore and subsequent investigation of any July 2008 request for disposition of detainers. The court reasoned that without a procedurally proper request, any action by plea counsel premised on the UMDDL would have been futile. Therefore, the court held, Moore was unable to prove either deficiency or prejudice, the two prongs of the *Strickland* ineffective-assistance-of-counsel test.

### III. Discussion

Moore has raised three grounds for relief in this petition for writ of habeas corpus. First, he contends that the motion court erred in denying his Rule 24.035

motion and finding that the plea court had jurisdiction to hear his plea and sentence him, in violation of his right to speedy disposition of detainers under Missouri's UMDDL.

Second, Moore claims that the Court of Appeals for the Eastern District of Missouri erred by denying him a re-hearing and denying transfer to the Supreme Court of Missouri. He claims that the appellate court misapplied the UMDDL by affirming the lower court despite its failure to rule upon his *pro se* motion to dismiss and to deny his right to be present and testify at a hearing (presumably the continuation of the evidentiary hearing on August 5, 2010).

Finally, Moore alleges that the Court of Appeals erred in ruling that he had no right to post-conviction counsel. Construing his petition liberally, *see Frey v. Schuetzle*, 78 F.3d 359, 361 (8th Cir. 1996), Moore also argues that his post-conviction counsel was ineffective for failing to present evidence or witnesses at the evidentiary hearing or its continuation.

A.  *Legal Standard*

Under 28 U.S.C. § 2254(d), a federal court may grant habeas relief on a claim decided on the merits in state court only if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court decision is contrary to clearly established federal law only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently that the Supreme Court has on a set of materially indistinguishable facts." *Restucci v. Spencer*, 249 F. Supp. 2d 33, 42 (8th Cir. 2003) (internal quotation marks and brackets omitted).

B.  *<u>First Ground for Relief: UMDDL</u>*

As his first ground for relief, Moore contends that Missouri state officials' violation of the UMDDL entitles him to federal habeas relief. Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). A claim that custody of a state prisoner violates a *state* law may be addressed only by state courts. *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994). The Eighth Circuit has characterized Missouri's UMDDL as a "state speedy trial law," *id.*, and a claim that it has been violated may only be addressed by Missouri courts. Without more, a claim that Missouri officials violated the UMDDL "is not cognizable in habeas and does not justify relief under § 2254." *Id. See also Wingo v. Mueller*, No. 4:09CV88 CAS,

2009 WL 198264 (E.D. Mo. Jan. 26, 2009) (summarily dismissing pretrial habeas petition brought on UMDDL grounds).

In later-filed briefs, Moore states that this first ground for relief also encompasses an allegation with a federal component. (*See, e.g.,* Doc. Nos. 33, pp. 9–10, and 38, pp. 4–5, 11–13.) He alleges that his Sixth and Fourteenth Amendment rights to a speedy trial were violated by the state officials' failure to comply with Missouri's UMDDL. This is merely a corollary of Moore's argument about the UMDDL and relies upon no separate factual allegations. The Eighth Circuit has rejected a nearly identical statement as a state-law claim in disguise. *Poe*, 39 F.3d at 207. As such, it is not cognizable on habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Chambers v. Bowersox*, 157 F.3d 560, 564 (8th Cir. 1998); *Crenshaw v. Larkins*, No. 4:09CV336 JCH, 2012 WL 886823 (E.D. Mo. Mar. 15, 2012) (denying as non-cognizable claim that violation of UMDDL infringed petitioner's speedy trial and due process rights). Because Moore's first ground for relief does not present any federal claim reviewable on habeas petition, it is denied.

**B.**     *Second Ground for Relief*

Moore's second ground for relief comprises several allegations. Moore first claims that the Court of Appeals for the Eastern District of Missouri erred in denying him an open court hearing. Because he did not file a direct appeal, this

presumably means a hearing on his post-conviction motion. There is no federal constitutional or statutory right to a hearing on a post-conviction motion, so Moore's claim is not cognizable at this stage of the case. *See Losh v. Fabian*, 592 F.3d 820, 824 (8th Cir. 2010) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 556–57 (1987)); *United States ex rel. Jones v. Chrans*, 187 F. Supp. 2d 993, 1002 (N.D. Ill. 2002) ("there is no federal right to a post-conviction hearing in state court").

Moore also claims that the Court of Appeals erred by denying him a rehearing on his post-conviction motion and by denying him transfer to the Supreme Court of Missouri. Even assuming the denials of rehearing and transfer were errors, they would not entitle Moore to federal habeas corpus relief because these claims represent an attack on a proceeding collateral to his detention, and not on the detention itself. Like his allegation that he was improperly denied a post-conviction hearing, these claims are not cognizable on federal habeas review. *See Kenley v. Bowersox*, 228 F.3d 934, 938 (8th Cir. 2000) ( "[Section] 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings"), *vacated*, 228 F.3d 934 (8th Cir. 2000); *accord Williams-Bey*, 894 F.2d at 317; *Williams v. State of Missouri*, 640 F.2d 140, 143–44 (8th Cir. 1981).

Finally, in his enumerated list of facts supporting this ground, Moore alludes to what he considers two errors by the Rule 24.035 motion court: that it did not

hear his *pro se* motion to dismiss[6] and that it denied him the right to be present and testify at the second evidentiary hearing.[7]  Again, these allegations attack the propriety of Moore's post-conviction proceedings, and as such, they are not cognizable on federal habeas review.  Even if they were, they would be procedurally barred because they were not presented to the state appeals court, and Moore gives no reason for failing to do so.  *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

**B.**     *Third Ground for Relief*

In his final ground for relief, Moore alleges that the appellate court erred in ruling that he had no right to post-conviction counsel.  He also alleges that his post-conviction counsel "failed to present evidence and witnesses" at the evidentiary hearing or its continuation, which I will construe as a claim of ineffective assistance of post-conviction counsel.

There is no federal constitutional or statutory right to post-conviction counsel.  *Foster v. Delo*, 39 F.3d 873, 877 (8th Cir. 1994) (citing *Coleman v.*

---

[6] Moore may be referring to his *pro se* Rule 24.035 motion for post-conviction relief, which was amended by counsel February 22, 2010, and was thereby superseded.  (*See* L.F., p. 47.)

[7] Moore presumably is referring to the second evidentiary hearing concerning his request for disposition of detainers under the UMDDL.  That second hearing took place on August 5, 2010.  On that date, the trial court took further testimony from Moore's trial counsel, who had remembered more specific information about her conversations with Moore in the interim.  Though the record is not conclusive, it appears Moore did not attend the second hearing.  (*See* L.F., p. 88.)  His post-conviction counsel was there and cross-examined Moore's trial counsel.  (*See* Resp.'s Ex. F.)

*Thompson*, 501 U.S. 722, 751–53 (1991)). Therefore, Moore's claim that the appellate court erred in so ruling is not cognizable on upon habeas review. Consequently, a petitioner has no federal right to effective assistance from post-conviction counsel. *Foster*, 39 F.3d at 877; *Sidebottom v. Delo*, 46 F.3d 744, 751 (8th Cir. 1995). Therefore, Moore's claim that his post-conviction counsel was ineffective is also not reviewable.

Moore argues that *Coleman* and its progeny were wrongly decided and that he does have a right to effective assistance from post-conviction counsel. In support of this argument, he points to Maryland case law applying the *Strickland* ineffective-assistance test to the performance of post-conviction counsel. *See Stovall v. State*, 800 A.2d 31, 37–38 (Md. Ct. App. 2002). Though Moore is correct that the *Stovall* court found petitioner in that case had a right to post-conviction counsel, this right was derived from Maryland state law, which the court recognized was broader than the right to counsel enshrined in the United States Constitution. *Id.* at 37.

The United States Supreme Court has recently held that, in states where post-conviction proceedings are a prisoner's first chance to raise a "substantial claim of ineffective assistance *at trial*," a federal habeas court will not be barred from hearing that claim if the petitioner's post-conviction counsel was ineffective and failed to raise the claim in the state post-conviction proceeding. *Martinez v.*

*Ryan*, 132 S. Ct. 1309, 1320 (2012) (emphasis added); *see also Trevino v. Thaler*, 133 S. Ct. 1911, 1914 (2013) (extending *Martinez*).  Under *Martinez* and *Trevino*, ineffective assistance of post-conviction counsel may excuse (in part) a petitioner's failure to raise, at the state level, a claim that trial counsel was ineffective.

Nonetheless, these cases do not establish that a petitioner has a stand-alone right to effective assistance from his post-conviction counsel.  Instead, they merely ensure that a petitioner who has a claim of ineffective *trial* counsel gets "his day in court" when the ineffectiveness of post-conviction counsel prevented that during an initial post-conviction proceeding.  *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (*Martinez* did not apply where petitioner's post-conviction counsel did not preserve claims on appeal).  This is not the situation in this case.

Based on the foregoing, Moore's third ground for relief is denied.

## V.  *Summary Judgment Motion*

Respondent Steele's answer to this court's show cause order was initially due September 17, 2012.  On that date, Steele requested an extension of time, which I granted the same day, extending the response deadline to October 9, 2012.  I eventually granted a second extension, and Steele filed its response before that time expired.  In the meantime, Moore moved for summary judgment, arguing that Steele did not timely respond to the show cause order.

Motions for summary judgment are not particularly appropriate in habeas cases. *See Hall v. Edwards*, 4:13CV 556 TIA, 2013 WL 1890699, at *1 (E.D. Mo. May 6, 2013) (summary judgment motion "is not the proper vehicle to determine the merits of [a habeas] petition"); *Cantrell v. Norris*, 5:05CV356, 2007 WL 772568, at *1(E.D. Ark. March 9, 2007) ("[T]he Rules Governing § 2254 cases and the habeas statutes do not contemplate disposition of habeas petitions by motion for summary judgment.").

Even if it were a suitable method of resolving this petition, Moore's summary judgment motion would be without merit. A party which moves for summary judgment bears the burden of establishing that that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Rule 56(c)(1). Steele's response was not untimely, *see* Fed. R. Civ. P. 6(b)(1)(A), so Moore is not entitled to judgment as a matter of law. Therefore, I will deny his motion.

## VI. *Renewed Motion to Compel*

Steele attached exhibits to his response to the show cause order. Moore attested that he had not received the exhibits and moved to compel Steele to send him copies. I granted Moore's motion to compel on December 10, 2012. Later that month, Moore filed a renewed motion to compel, arguing that Steele should also be required to provide him certain discovery documents.

Habeas petitioners are not ordinarily entitled to discovery. *Bracy v. Gramley*, 520 U.S. 899 (1997). But Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts permits a judge to authorize discovery for good cause. In *Bracy v. Gramley*, the Supreme Court laid out a two-step process for determining if a petitioner is entitled to discovery under Rule 6(a). 520 U.S. 889, 904–06 (1997). First, the court identifies the "essential elements" of the petitioner's substantive claims. *Id.* at 904. Second, the court evaluates whether the petitioner has shown good cause for the requested discovery by determining if the petitioner's specific allegations give the court reason to believe that, if the facts are fully developed, petitioner will be able to demonstrate that he is entitled to relief. *Id.* at 908–09. When the petitioner has made such a showing, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.*; *see also Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004).

The essential elements of Moore's grounds for relief are alleged violations of Missouri's UMDDL and errors by the state post-conviction courts. These grounds for relief do not raise any claim cognizable upon federal habeas review. The discovery Moore requests, copies of documents related to his alleged July 2008 request for disposition of detainers, would not advance his habeas claim even if they showed what he argues they would show. As such, Moore has not given me any reason to believe that – with further factual development through discovery –

he would be entitled to habeas relief. Therefore, his renewed motion to compel is denied.

VI. *Motion for Extension of Time to Complete Discovery and File Traverse*

On January 7, 2013, Moore requested more time to complete discovery and to file a reply to Steele's response to this court's show cause order. As stated above, I have found that discovery is not warranted. In addition, Moore did file a reply (as well as a supplemental) out of time, and I considered those documents in this memorandum and order. I will therefore deny this motion as moot.

VII. *Motion for Hearing*

Moore has also moved for oral argument, or alternatively, an evidentiary hearing. In his motion, he repeats his allegations that state officials violated the UMDDL, and as a corollary, his constitutional right to a speedy trial, by not forwarding his July 16, 2008 request for disposition of detainers in conformance with their duties under the UMDDL. He argues that the state courts did not fully consider his evidence or arguments and that his post-conviction counsel did not present corroborating witness testimony at his Rule 24.035 evidentiary hearing as he said he would.

The circumstances in which this court may hold an evidentiary hearing in a habeas case brought under Section 2254 are exceedingly limited. *See* 28 U.S.C. § 2254(e)(2); *see also Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) ("To

overcome this hurdle a petitioner must show that the claim involves a new rule of constitutional law made retroactive to his situation, or facts that could not have been discovered by due diligence, or sufficient facts to establish constitutional error by clear and convincing evidence."). Even assuming each of his allegations were true, Moore's grounds for relief would still not merit an evidentiary hearing because they do not allege violations of his federal statutory or constitutional rights. Oral argument is likewise unnecessary. *See* Local Rule 78–4.02 (court has discretion over whether to order oral argument). Therefore, I will deny Moore's request for oral argument or, in the alternative, an evidentiary hearing.

## VIII. *Certificate of Appealability*

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Moore's claims, so I will deny a Certificate of Appealability on all claims.

– 18 –

Accordingly,

**IT IS HEREBY ORDERED** that Moore's petition for writ of habeas corpus [#1] is **denied**.

**IT IS FURTHER ORDERED** that:

Moore's motion for summary judgment [#15] is **denied**.

Moore's renewed motion to compel [#31] is **denied**.

Moore's motion for extension of time to complete discovery and file traverse [#34] is **denied as moot**.

**IT IS FINALLY ORDERED** that Moore's motion for oral argument or, alternatively, an evidentiary hearing [#36] is **denied**.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2013.